# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FERRELLGAS PARTNERS L.P. *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. N19C-05-275 MMJ [CCLD] |
| v. ) | |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY and BEAZLEY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

Submitted: September 14, 2020
Decided: September 17, 2020

On Defendant Beazley Insurance Company's
Application for Certification of Interlocutory Appeal
**DENIED**

## ORDER

Brenton W. Vincent, Esq., Bryan Cave Leighton Paisner LLP, Chicago, Illinois, David J. Baldwin, Esq., Peter C. McGivney, Esq., Berger Harris, LLP, Wilmington, Delaware, *Attorneys for Plaintiffs Ferrelgas, et al.*

Daniel McNeel Lane, Esq., Norton Rose Fulbright US LLP, San Antonio, Texas, Samantha Miller, Esq., Norton Rose Fulbright US LLP, Washington, D.C., Thomas G. Macauley, Esq., Macauley, LLC, Wilmington, Delaware, *Attorneys for Defendant Beazley Insurance Company, Inc.*

**JOHNSTON, J.**

1. By Opinion and Order dated August 20, 2020,[1] the Court granted the motion of Plaintiffs Ferrelgas Partners L.P. ("FG"), *et al.* to order Defendant Beazley Insurance Company ("Beazley") to advance and reimburse certain defense costs in compliance with two previous rulings of the Court. The Court directed the parties to follow a *Fitracks*-style protocol and awarded Plaintiffs reasonable attorneys' fees and other expenses incurred in preparing and prosecuting their enforcement motion – so-called "fees-on-fees" or "fees-for-fees."

2. On August 31, 2020, Beazley filed an application for certification of an interlocutory appeal from the August 20 Order. In its application, Beazley contends that it has satisfied the criteria of Supreme Court Rule 42 for three reasons. First, it says that the August 20 Order determines a substantial issue of material importance that merits appellate review before a final judgment (Rule 42(b)(i)) "because it compels Beazley to pay millions of dollars in legal and defense costs to Plaintiffs without a final judgment and without a further order of the Court." Beazley adds: "The August 20 Order also directed the payment of fees-on-fees, notwithstanding that there is no applicable statute authorizing a prevailing party to receive fees."

3. Second, Beazley says that the August 20 Order "satisfies three of the eight factors set forth in Rule 42(b)(iii), any one of which independently supports

---

[1] *Ferrellgas Partners L.P. v. Zurich American Ins. Co.*, 2020 WL 4908048 (Del. Super.).

certification." Beazley goes on to state: "The August 20 Order directs interim payment of defense costs and payment of fees-on-fees when 8 Del. Code § 145 does not apply to this dispute. The August 20 Order also creates a question of law as to the applicability and constitutionality of using 10 Del. C. § 6508 to order the payment of defense costs for an unliquidated judgment amount (and on an ongoing basis)." Beazley asserts that the August 20 Order meets the Rule 42(b)(iii)(A), (C), and (H) factors.

4. Finally, Beazley contends that "the benefits of interlocutory appeal far outweigh the costs….No trial date has been set and no scheduling order has been entered in this action. The underlying action remains pending so no issues of indemnification can be addressed presently. Accordingly, there is nothing for the Court to address in this action if an interlocutory appeal is taken at this point." In a footnote, Beazley states: "In the event no interlocutory appeal is authorized, the August 20 Order potentially requires the Court to resolve defense cost invoice disputes four times a year through exhaustion of limits or resolution of the underlying Eddystone Litigation, whichever occurs first."

5. Plaintiffs oppose Beazley's application on numerous grounds. Plaintiffs contend that the pending application essentially seeks the same relief as Beazley's previous application for certification of interlocutory appeal of the Court's January

21, 2020 Opinion and Order, wherein the Court found that Beazley is obligated under the Beazley Policy to advance defense costs incurred by FG in defending its former officers and directors, Julio Rios and Jeremy Gamboa, in the Eddystone Litigation.[2] According to Plaintiffs: "The Second Application is untimely, repetitive, and fails to present an "exceptional" issue justifying interlocutory review." Plaintiffs observe that, after the Court denied Beazley's first application for interlocutory review,[3] Beazley did not file a notice of interlocutory appeal with the Delaware Supreme Court.[4]

6. Plaintiffs argue that the threshold requirement for an interlocutory appeal set forth in Rule 42(b)(i) - that "the trial court decide[d] a substantial issue of material importance that merits appellate review before a final judgment" - is not met here because the August 20 Order was "collateral" and intended to compel compliance with the Court's previous, substantive January 2020 Opinion and Order. Plaintiffs assert that the Court's award of fees-for-fees should not be viewed as having decided a substantial issue of material importance. According to Plaintiffs: "Whether

---

[2] *Ferrellgas Partners L.P. v. Zurich American Ins. Co.*, 2020 WL 363677 (Del. Super.).

[3] *Ferrellgas Partners L.P. v. Zurich American Ins. Co.*, Del. Super. C.A. No. N19C-05-275 MMJ CCLD (Feb. 17, 2020) (ORDER).

[4] In its pending application, Beazley states, with regard to the Court's February 17, 2020 denial of its previous application for certification of interlocutory appeal: "Given the Court's reasoning, Beazley did not notice an appeal of the January 21 Order, in part because that interlocutory order did not require immediate (pre-judgment) payment of defense costs....While the January 21 Order granted Ferrellgas's motion for partial summary judgment on coverage for defense costs under Beazley's policy, Beazley is of the view that the January 21 Order did not direct the payment of defense costs." *Id.* at 9 n.4.

Beazley's non-compliance with multiple court orders merits a fee award in FG's favor is purely a collateral issue that does not go to the merits."

7. Plaintiffs contend that none of the Rule 42(b)(iii) factors supports certification of interlocutory appeal of the August 20 Order. First, Plaintiffs urge that factor (H) ("serve considerations of justice") would not be satisfied, since interlocutory review, if accompanied by a stay, would deprive FG of reimbursement for real-time advancement of defense costs as favored by Delaware public policy.

8. Second, Plaintiffs assert that the August 20 Order does not satisfy either factor (A) or factor (C). They contend that factor (A) ("involves a question of law resolved for the first time in this State") is not satisfied because, in awarding fees-on-fees, the August 20 Order relied upon Delaware Supreme Court precedent. Plaintiffs cite to Delaware authority confirming a trial court's broad discretion to award attorneys' fees when a party violates orders of the court and exposes an adversary to unnecessary delay and expense.[5] Plaintiffs add that, in all events, the award of fees-on-fees "does not rise to the level of an exceptional matter warranting interlocutory review." According to Plaintiffs, "Beazley does not and cannot assert

---

[5] Plaintiffs cite *Wimbledon Fund LP – Absolute Return Fund Series v. SV Specials Situation Fund LP*, 2011 WL 6820362, at *3 (Del. Ch.).

any prejudice in having to wait until [sic] conclusion of the litigation to appeal this interlocutory order."

9. Finally, Plaintiffs assert that factor (C) ("question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be settled by this Court in advance of an appeal from a final order") has no application to the August 20 Order because the Court had the authority to order Beazley to comply with its advancement obligations under either the Declaratory Judgment Act or the Court's inherent authority to enforce its previous orders. According to Plaintiffs, there is no novel issue presented by the August 20 Order. Plaintiffs point, in particular, to *Sun-Times Media Group., Inc. v. Royal & Sunalliance Ins. Co. of Canada*, 2007 WL 1811265, at *1, 13 (Del. Super.), in which the court granted the insureds' motion for summary judgment for advancement of defense costs, subject to a right of recoupment. Plaintiffs also point to *Sider v. Hertz Global Holdings, Inc.*, 2019 WL 2501481, at *1, 4-5 (Del. Ch.), in which the court adopted a *Fitracks*-style protocol for advancement under Section 145 and rejected the argument that the defendant was entitled to "immediate appeal" before advancing any defense costs.

10. The Court's consideration of Beazley's pending application for certification of interlocutory appeal is governed by Supreme Court Rule 42. Rule

42(b)(i) states: "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment." Rule 42(b)(ii) admonishes: "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."

11. Assuming that the gating requirement of Rule 42(b)(i) can be satisfied, viewed through the prism of Rule 42(b)(ii), an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii). Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

7

12. Against this backdrop, and having considered Beazley's Application and Plaintiffs' Opposition, the Court has concluded that it is not appropriate to certify its August 20 Order for interlocutory review.

13. The bases for this conclusion track Rule 42, as they must.

14. As a threshold matter, the Court declines to find that Beazley's application is untimely. While there is logical appeal to Plaintiffs' argument that Beazley's pending application is an untimely substitute for what could have been Beazley's notice of interlocutory appeal from the Court's January 21 Order, the fact is that the Court ruled on August 20 and Beazley complied with the requirement of Rule 42 (c)(i) that an application for certification of interlocutory appeal be filed within 10 days of entry of the order from which the appeal is sought.[6]

15. The Court finds that the August 20 Order did not decide "a substantial issue of material importance that merits appellate review before a final judgment." Rather, the August 20 Order: (i) reiterated the Court's previous two rulings, finding entitlement to advancement under the Beazley policy; (ii) directed the parties to follow a long-established *Fitracks*-style protocol in connection with that

---

[6] Beazley e-filed its application on August 31, 2020. But the previous day was a Sunday. Rule 42(a) states, "All time periods under this rule should be calculated under Supreme Court Rule 11." Rule 11(a) states, "The last day of the period so computed shall be included, unless it is a Saturday or Sunday, or other legal holiday, or other day on which the office of the Clerk is closed, in which event the period shall run until the end of the next day on which the office of the Clerk is open."

8

advancement; and (iii) awarded fees-on-fees consistent with Delaware law and public policy in the context of advancement (and other areas). Moreover, even if the rulings reflected in the August 20 Order were to be viewed as having decided one or more issues of material importance, none of those rulings merits appellate review before a final judgment. The continued pendency of the underlying Eddystone Litigation is undisputed. With Beazley having made no application for a stay, it is obligated to comply with the August 20 Order – its advancement obligations now having been confirmed for a fourth time.

16. Even if it could be said that the criteria of Rule 42(b)(i) have been satisfied, certification still must be denied because none of the factors set forth in Rule 42(b)(iii) applies to the August 20 Order. In particular, contrary to Beazley's position, factor (A) has no application because the August 20 Order did not involve a question of law resolved for the first time in this State.

17. Factor (C) also has no application because the August 20 Order did not turn on operation of the Declaratory Judgment Act. Rather, the Court was enforcing its previous rulings by insisting upon compliance, establishing a going-forward protocol, and making Plaintiffs whole with an award of fees-on-fees – all consistent with Delaware precedent.

18. Factor (H) has no application because review of the August 20 at this time would not serve considerations of justice. To the contrary, at a minimum, review at this time would result in all of the ills that Rule 42(b)(ii) warns against: disruption of the normal process of litigation, delay, and exhaustion of scarce party and judicial resources (especially in the midst of the ongoing pandemic). In addition, review at this time would deprive FG of the advancement reimbursement to which it is (and has been) entitled under the Beazley policy and, depending upon FG's financial condition, could deprive Rios and Gamboa of any advancement whatsoever as they continue to defend the Eddystone Litigation.

19. Finally, pursuant to Rule 42(b)(iii), the Court is called upon to "identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice." Pursuant to the rule: "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal." In this instance, the Court (once again) finds that the likely benefits of interlocutory review do *not* outweigh the probable costs and that interlocutory review is *not* in the interests of justice. As Rule 42(f) makes clear, Beazley's failure to obtain review of the August 20 Order at this time will not bar it from seeking review of the rulings on appeal from the final order, judgment or decree in the case. In the meantime, under the Beazley policy, Beazley will be entitled to recoupment of amounts advanced if it later can be established in connection with the

10

underlying Eddystone Litigation that Rios and Gamboa are not entitled to indemnification.

20. For the foregoing reasons, Beazley's application for certification of interlocutory appeal is hereby **DENIED**.

**IT IS SO ORDERED**.

The Honorable Mary M. Johnston

11